**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   ERIK ALAN THOMAS,                        No. C06-02705 MJJ
12              Plaintiff,                    **ORDER LIFTING STAY AND**
                                              **GRANTING PLAINTIFF LEAVE TO**
13      v.                                    **AMEND COMPLAINT**
14   HOME DEPOT USA INC.,
15              Defendant.
                                        /
16
17                          **INTRODUCTION**
18          Before the Court is Erik Alan Thomas's ("Plaintiff") Motion to Lift the Stay and Motion for
19   Order Granting Leave to Amend Plaintiff's Complaint.[1]  Home Depot USA Inc. ("Defendant") does
20   not oppose Plaintiff's Motion to Lift the Stay, but does oppose part of the Motion to Amend.
21          For the following reasons, the Court **GRANTS** Plaintiff's Motion to Lift Stay and **GRANTS**
22   his request to amend his complaint.
23                        **FACTUAL BACKGROUND**
24          On April 20, 2006, Plaintiff filed a civil action against Defendant.  On July 17, 2006, this
25   Court stayed Plaintiff's case pending the resolution of the California Supreme Court case in *Murphy*
26   *v. Kenneth Cole Productions*, 40 Cal.4th 1094 (2007).  On May 9, 2007, the California Supreme
27   Court decided *Murphy*.
28          Plaintiff moves to amend his complaint to remove claims for breach of contract and for

---

[1] Docket No. 27

quantum meruit.  Defendant does not oppose these amendments.  Plaintiff also moves to amend to add a claim for damages pursuant to Cal. Lab. Code § 2698 *et seq*.  ("PAGA").  Defendant opposes this amendment.

**LEGAL STANDARD**

**A.    Motion to Lift the Stay**

 The power to issue a stay "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The power to grant a stay includes the inherent power and discretion to lift that stay.  *Dano Resource Recovery, Inc. v. District of Columbia*, 923 F.Supp. 249, 252 (D.D.C. 1996).

**B.    Motion to Amend Complaint**

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

**ANALYSIS**

**A.    Motion to Lift the Stay**

In its July 17, 2006 order, the Court stayed this action pending a decision in *Murphy*.  Since the California Supreme Court has now issued its decision in that case, the grounds on which this Court originally issued the stay no longer exist.  Additionally, both parties agree that the Court should lift the stay.  Accordingly, the Court lifts the stay.

**B.    Motion to Amend Complaint**

Plaintiff argues that Rule 15 requires that the Court give leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a).  While Plaintiff mentions the correct rule, the language he cites is applicable after "a responsive pleading is served."  *Id.*  In the current action, Defendant responded to Plaintiff's complaint with a motion to stay and a motion to dismiss.  Defendant has not

filed an answer or other responsive pleading to the complaint.  A motion to dismiss under Rule 12(b)(6) is not a responsive pleading.  *Miles v. Department of Army*, 881 F.2d 777, 781 (9th Cir. 1989).  Similarly, a motion to stay is not a responsive pleading.  *See* Fed.R.Civ.P. 7(a) (designating "pleadings").  Therefore, Defendant has not yet served a responsive pleading.  Additionally, Plaintiff has not yet amended his complaint.  The operative language of Rule 15(a) for such situations gives Plaintiff the right to "amend [its] pleading once as a matter of course."  Fed. R. Civ. P. 15(a).

Defendant argues that Plaintiff's proposed claims are time-barred, so that amendment would be futile.  It mentions several cases in which a court denied a plaintiff leave to amend a complaint to add a futile claim.  However, the authorities on which Defendant relies are distinguishable from the current case.

In three of the cases, the court dismissed a plaintiff's complaint without leave to amend in response to a 12(b)(6) motion, as opposed to denying leave to amend under Rule 15.  *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998) (dismissing under Rule 12(b)(6) for failure to state a claim without leave to amend), *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) (same), *Chem. v. New York Life Ins. Co.*, No. 97-1780, 1997 WL 792942 (N.D. Cal. 1997) (same).  A court has discretion to dismiss a complaint under 12(b)(6) for failure to state a claim without leave to amend if "it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

In the remaining cases that Defendant cites, the plaintiff had already amended his complaint one time.  *See Forcier v. Microsoft Corp.*, 123 F. Supp 2d 520 (N.D. Cal. 2000) (denying leave amend complaint after a previous amendment) *Sackett v. Beaman*, 399 F.2d 884, 892 (9th Cir. 1968) (same) *Jones v. State of California*, No 94-2091, 1996 WL 37792 (N.D. Cal. 1996) (same) *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762 (9th Cir. 1986) (denial of motion to file a fourth amendment complaint).  The procedural postures of these cited cases implicate an inapplicable portion of Rule 15, that a plaintiff obtain "leave of court" or "written consent of the adverse party."  Fed. R. Civ. P. 15(a).  That portion of Rule 15 is not relevant here, since Plaintiff has not yet amended his complaint and Defendant has not yet filed a responsive pleading.

United States District Court

For the Northern District of California

1    In none of the cases that Defendant cites did a court deny a plaintiff the right to amend one

2  time before the defendant had filed a responsive pleading.  The Eleventh Circuit writes that "[w]hen

3  the plaintiff has the right to file an amended complaint as a matter of course, however, the plain

4  language of Rule 15(a) shows that *the court lacks the discretion* to reject the amended complaint

5  based on its alleged futility."  *Williams v. Board of Regents of University System of Georgia*, 477

6  F.3d 1282, 1292 at n.6 (11th Cir. 2007) (emphasis added).

7    Because this Court lacks discretion to deny Plaintiff's request to amend, Defendant's

8  arguments about whether Plaintiff's proposed amended complaint is futile or made in bad faith are

9  moot.  Since Defendant has not filed a responsive pleading and plaintiff has not yet amended,

10  Plaintiff may amend his complaint.

11                                  **CONCLUSION**

12    For the foregoing reasons, the Court **LIFTS** the stay and **GRANTS** Plaintiff's motion to

13  amend his complaint.

14

15

16

17  **IT IS SO ORDERED.**

18

19

20  Dated: July_ 25, 2007

21                                        MARTIN J. JENKINS
22                                        UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

United States District Court
For the Northern District of California