IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ALAN THOMAS,<br><br>        Plaintiff,<br><br>  v.<br><br>HOME DEPOT USA INC.,<br><br>        Defendant.<br>_____ / | No. C06-02705 MJJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

Before the Court is Defendant Home Depot U.S.A.'s ("Defendant's") Motion to Dismiss. (Docket No. 34.) Defendant seeks to dismiss Plaintiff's claims for relief brought pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq*. ("PAGA"). Defendant further seeks to dismiss Plaintiff's claim for conversion. Plaintiff opposes the Motion. For the following reasons, the Court **GRANTS** the Motion.

## FACTUAL BACKGROUND

The material allegations set forth in Plaintiff's complaint are as follows. Plaintiff began working for Home Depot as an hourly employee in October 1998. (First Amended Complaint, "FAC," ¶ 33.) Plaintiff worked for Home Depot in Vallejo until 2004 and then was transferred to the Home Depot in Sacramento. (*Id*.) Plaintiff was terminated by Home Depot in 2005 and his last day of employment was February 28, 2005. While employed at Home Depot Plaintiff regularly missed rest and meal breaks. (*Id*. ¶ 34.) In addition, Plaintiff did not timely receive wages owed to

him when he transferred locations. Finally, when Plaintiff was terminated he did not receive his last paycheck until one week after his last day of employment. (*Id*. ¶ 35.)

On April 20, 2006 Plaintiff filed this putative class action alleging wage and hour violations on behalf of himself and all others similarly situated. On July 31, 2007 Plaintiff filed an amended complaint as a matter of course under Fed. R. Civ. P. 15(a), stating a total of five claims against Defendant. At some point between the termination of Plaintiff's employment at Home Depot and Plaintiff's filing of the FAC, Plaintiff gave notice to Home Depot and the California Labor and Workforce Development Agency (LWDA) of the various alleged California Labor Code ("Labor Code") violations in Plaintiff's Complaint.[1] (FAC ¶ 42.) The LWDA informed Plaintiff that he could pursue civil penalties pursuant to PAGA. (*Id*.)

After receiving notice from the LWDA, Plaintiff amended his complaint to request relief pursuant to PAGA. (FAC ¶¶ 37-68.) Plaintiff amended the first three causes of action to include a request for civil penalties under PAGA. These causes of action are: (1) Failure to Provide Rest Periods pursuant to Labor Code §§ 226.7 and 516; (2) Failure to Provide Meal Periods pursuant to Labor Code §§ 226.7, 512 and 516; and (3) Late Payment of Wages pursuant to Labor Code §§ 201, 202 and 203.[2] Plaintiff's final two claims against Defendant, which remain unchanged from Plaintiff's original Complaint, are: (1) Conversion pursuant to California Civil Code §§ 3336 and 3337; and (5) Unfair Competition pursuant to California Business & Professions Code § 17200 *et seq*. (FAC ¶¶ 37-68.)

Defendant now seeks to dismiss Plaintiff's claims for relief pursuant to PAGA, claiming that Plaintiff's claims are barred by a one year statute of limitations under California Code of Civil Procedure § 340(a) ("CCP § 340(a)"). Defendant also seeks to dismiss Plaintiff's claim for conversion. Defendant contends that Plaintiff is limited to statutory remedies for unpaid wages and that Plaintiff failed to specify the amount of money Defendant allegedly converted.

---

[1] Plaintiff alleges that he gave notice to the LWDA of Home Depot's violations of Labor Code §§ 201, 202, 203, 204, 226.7, 512 and 516. (FAC ¶¶ 42, 49, 54.)

[2] Plaintiff's lists these Labor Code provisions in the title of each cause of action. In the body of each claim, however, Plaintiff asserts a variety of other Labor Code violations as well. For purposes of this Motion, the Court need not dissect all of the various alleged violations.

2

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**ANALYSIS**

**I.    PAGA Claims**

Defendant contends that the one-year statute of limitations set out in CCP § 340(a) bars Plaintiff's requests for civil penalties pursuant to PAGA. Plaintiff advances several arguments in response to Defendant's Motion. First, Plaintiff argues that his PAGA claims are not time-barred because his underlying Labor Code violations are not time-barred. (Plf.'s Cplt. at 5). In the alternative, Plaintiff argues that even if his individual action is barred by the one-year statute of limitations pursuant to CCP § 340(a), Plaintiff may still maintain a PAGA representative action on behalf of the State of California and other injured employees. (Plf.'s Cplt. at 3-4).

Under the Labor Code, employers are subject to liability for violations of the law in several ways. An individual may bring a private action for unpaid wages and statutory penalties under certain Labor Code provisions. *See, e.g.,* CAL. LAB. CODE §§ 201 (wages upon discharge), 203 (statutory penalties for failure to pay wages upon discharge), 226.7 (mandated meal or rest periods).

3

1  *See also Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 377-78, 380 n.16 (2005)
2  (explaining that an individual may bring a private action for unpaid wages or statutory penalties
3  under these provisions). In addition, the State's labor law enforcement agencies - the LWDA and its
4  departments and divisions - are authorized to assess and collect civil penalties for specified
5  provisions of the Labor Code. *See, e.g.*, CAL. LAB. CODE § 210 (authorizing recovery of civil
6  penalties for unpaid wages). *See also Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 370 (explaining
7  that the LWDA is authorized to assess and collect civil penalties under specified Labor Code
8  provisions). Finally, PAGA, effective January 1, 2004, permits individuals to bring private actions
9  against an employer for civil penalties under specified sections of the Labor Code. *See* CAL. LAB.
10  CODE § 2699(a). *See also Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 374-75 (explaining that
11  PAGA allows private actions for civil penalties). "In sum, an employer is potentially liable for
12  unpaid wages and interest, statutory penalties *and* civil penalties for many violations of Labor Code
13  wage-and-hour provisions." *Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 378 (emphasis in
14  original).

15  PAGA, adopted by the California Legislature "with a stated goal of improving enforcement
16  of existing Labor Code obligations," permits an aggrieved employee, on behalf of himself and other
17  current or former employees, to recover any civil penalties in the Labor Code formerly assessed and
18  collected by the LWDA. *Id.* at 370. The statute also provides for a default civil penalty for all
19  provisions of the Labor Code for which a civil penalty is not specifically provided. CAL. LAB. CODE
20  § 2699(f). An aggrieved employee "means any person who was employed by the alleged violator
21  and against whom one or more of the alleged violations was committed." *Id.* § (c). The civil
22  penalties recovered under PAGA are distributed 75 percent to the LWDA and 25 percent to the
23  aggrieved employees. *Id.* § (i).

24  Individuals who bring claims under PAGA must comply with the administrative procedures
25  set forth in Labor Code § 2699.3.[3] Furthermore, after exhausting these administrative remedies, a

---

[3] Labor Code § 2699.3(a) states:
(a)(1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

4

party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirements. *See Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 385.

CCP § 340(a) imposes a one-year statute of limitations upon "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation." If, however, the action is for a statutorily-created liability other than a penalty or forfeiture, a three-year statute of limitations applies. CAL. CIV. CODE § 338(a). The civil penalties that Plaintiff seeks to recover under PAGA are a "penalty" within the meaning of CCP § 340(a). *See Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 374-76; *Moreno v. Autozone*, No. C05-04432, 2007 WL 1650942, at *2-4 (N.D. Cal. June 5, 2007); *DiSimas v. Big Lots Stores, Inc.*, No. C06-6614, 2007 WL 686638, at *3-4 (N.D. Cal. March 2, 2007). Accordingly, a one-year statute of limitations will apply unless PAGA "prescribes a different limitation." CAL. CIV. CODE § 340(a).

**A.    Plaintiff's PAGA Claim for Civil Penalties is Time-Barred**

Turning to Plaintiff's first argument, the Court is unpersuaded that the operative statute of limitations for PAGA claims is the statute of limitations that applies to the underlying claims and not the one-year statute of limitations that applies to "penalties" under CCP § 340(a). There are no California cases on this exact issue, although Plaintiff's counsel raised a similar argument in two recent cases in federal court. *See Big Lots*, 2007 WL 686638; *Moreno*, 2007 WL 1650942. In both cases, the court applied a one-year statute of limitations and found that the plaintiff's PAGA claims were time-barred. In *Moreno*, the court was unpersuaded by the plaintiff's contentions in part because the plaintiff offered no authority in arguing that the court should use the longer statutes of limitations for the underlying cause of actions. *See Moreno*, 2007 WL 1650942, at *4. In *Big Lots*,

---

(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

(B) If the agency intends to investigate the alleged violation, it shall notify the employer and the aggrieved employee or representative by certified mail of its decision within 33 calendar days of the postmark date of the notice received pursuant to paragraph (1).

CAL. LAB. CODE § 2699.3.

5

the court found that an "aggrieved employee" under PAGA must be a victim of one of the violations for which the LWDA can assess and collect a civil penalty. 2007 WL 686638, at *5. The court further found that the plaintiff did not allege such a violation although the underlying violation was listed in Labor Code § 2699.5. *Id*.

The Court reads the statute differently than the court in *Big Lots*, although reaches the same conclusion as both *Big Lots* and *Moreno*. By the language of the statute, an "aggrieved employee" under PAGA is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." CAL. LAB. CODE § 2698(c). A civil action by an aggrieved employee to collect civil penalties may be brought by alleging a violation of any provision listed in Labor Code § 2699.5 and after following the procedural requirements of § 2699.3. *See* CAL. LAB. CODE § 2698(a)(f), 2699.3(a), 2699.5. Included in the dozens of Labor Code sections listed in § 2699.5 are provisions with both three-year and one-year statutes of limitations. *See* CAL. LAB. CODE § 2699.5. An example of the former is Labor Code section 226.7 which provides for an additional hour of pay for each day that an employer fails to provide an employee a meal or rest period in accordance with the requirements. *See Murphy v. Kenneth Cole Productions*, 40 Cal.4th 1094, 1114 (2007). An example of the latter is Labor Code § 222.5 which provides for civil penalties for unlawfully withholding wages due to an employee. *See Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 378.

Despite the three-year statute of limitations that applies to some of the Labor Code violations listed in § 2699.5, a PAGA claim is, by definition, a claim for civil penalties. *See* CAL. LAB. CODE § 2699(a), (f); *Caliber Bodyworks, Inc.*, 134 Cal. App. 4th at 370. This Court cannot see, nor has the Plaintiff offered, any reason why the one-year statute of limitations provided in CCP § 340(a), which applies to all actions upon a statute for a penalty, would not apply here. *See* CAL. CIV. PRO. § 340; *Moreno*, 2007 WL 1650942, at *4 (finding, when presented with the same issue, that the plaintiff "offers no authority [] that would permit this Court to disregard the express language of California Code of Civil Procedure § 340(a) and apply a different limitations period.")

Plaintiff concedes that his employment at Home Depot concluded over a year prior to the date he filed this civil action. (Plf.'s Opp. at 3.) Plaintiff does not argue that there is any reason why

6

1 his claim, if subject to a one-year statute of limitations, is not barred. Furthermore, Plaintiff does not
2 allege any facts supporting an equitable tolling argument, even though Defendant anticipated and
3 addressed the issue. (Def.'s Mem. of P. & A. at 5-6.) Plaintiff's PAGA claims, included in his first
4 three causes of action, are, therefore, barred by the CCP § 340(a) one-year statute of limitations.

**B.     Plaintiff May Not Pursue a PAGA Claim in a Representative Capacity because his PAGA Claim is Time-Barred**

Plaintiff contends that even if his individual claim is time-barred, he can continue to represent the State of California and all injured parties (here, current and former Home Depot employees) in an action for civil penalties. In his Opposition to this Motion, Plaintiff submits that he is willing to waive his interest in the 25 percent of the civil penalties that he could recover in the action. (Plf.'s Opp. at 4.) Instead, he wishes to proceed with the PAGA claims as a representative for the State and other harmed employees in order to assist them in recovering civil penalties.

In support of this argument Plaintiff cites two recent cases, *Waisbein v. UBS Financial Services Inc.*, No. C-07-02328, 2007 WL 2348699 (N.D. Cal. Aug. 15, 2007), and *Arias v. Superior Court of San Joaquin County*, 153 Cal. App. 4th 777 (2007). Neither of these cases confront a statute of limitations question and neither case directly lends support to Plaintiff's assertions. *See Waisbein*, 2007 WL 2348699, at *3-6 (finding that the plaintiff could represent the State of California and other injured parties in a PAGA action, but could not assert the claims of injured parties whose PAGA claims were barred by res judicata); *Arias*, 153 Cal. App. 4th at 786-88 (allowing an aggrieved employee, alleging individual claims, to bring a representative action without meeting class action requirements).

Defendant, in response, contends that the Court should follow the findings of *Big Lots,* 2007 WL 686638, and *Moreno*, 2007 WL 1650942. In addition, Defendant argues that allowing Plaintiff to proceed in a representative capacity, despite his time-barred claim, eliminates any meaningful statute of limitations for PAGA claims. (Def.'s Mem. of P. & A. at 5.) In *Big Lots*, the court found that the plaintiff could not pursue PAGA claims in a representative capacity because the statute of limitations barred the plaintiff's claim. *See Big Lots,* 2007 WL 686638, at *4. In *Moreno*, the court found, inter alia, that neither the legislative history nor the statutory language supported the

7

plaintiff's contention that the recovery of civil penalties under PAGA was not subject to a statute of limitations. *See Moreno*, 2007 WL 1650942, at *2. The Court finds these arguments persuasive, especially in light of Plaintiff's inability to cite any cases directly supporting his contention. The Court therefore finds that Plaintiff cannot go forward in a representative capacity with his PAGA claims after the one-year statute of limitations under CCP § 340(a) has run.

For the foregoing reasons, the Court finds that Plaintiff's PAGA claims are barred by the statute of limitations and therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's PAGA claims.

## II.     Plaintiff's Claim for Conversion

Defendant contends that Plaintiff's fourth claim for relief must be dismissed for two reasons: (1) the Labor Code provides a comprehensive remedial scheme that provides an exclusive statutory remedy for violations of its provisions, and (2) Plaintiff's claim for conversion fails because it fails to allege the amount of money purportedly converted. (Def.'s Mem. of P. & A. at 11.) Because Defendant's first argument is dispositive, the Court need not reach Defendant's second contention.

### A.     Plaintiff's Statutory Remedies Under the Labor Code are Exclusive

Plaintiff's fourth cause of action is for conversion. Plaintiff alleges that he was required to work through his rest and meal periods and, therefore, Defendant withheld wages owed to him. (FAC ¶ 57-60.) By withholding these wages, Plaintiff contends that Defendant is liable for conversion of wages that Plaintiff had a right to possess. (*Id.* ¶ 58.) Defendant claims that Plaintiff recasts his statutory claims in his first, second and third claims for relief as additionally constituting the tort of conversion in his fourth claim for relief. (Def.'s Mem. of P. & A. at 10.) Defendant maintains that the rights created by California law provide an exclusive statutory remedy for a violation of those rights and Plaintiff is thus limited to statutory remedies. (*Id.*) Plaintiff contends that the recovery of wages is a common law right and that wages are properly the subject of a claim for conversion. (Plf.'s Opp. at 6.)

California defines conversion as, "the wrongful exercise of dominion over another's personal property in denial or inconsistent with his rights in the property." *Kasdan, Simonds, McIntyre, Epstein & Martin v. World Sav. & Loan Ass'n (In re Emery)*, 317 F.3d 1064, 1069 (9th Cir. 2003).

8

The elements of conversion are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act inconsistent with the property rights of the plaintiff; and (3) damages. *Id.* (citing *Burlesci v. Petersen*, 80 Cal. Rptr. 2d 704, 706 (1988)).

As a general rule, however, "where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." *Rojo v. Liger*, 52 Cal.3d 65, 79 (1990) (citations omitted). *See also Green v. Party City Corp.*, No. CV-01-09681, 2002 WL 553219, *4 (C.D.Cal. Apr. 9, 2002). While there are no California cases on point, other federal courts have found that the Labor Code provides a comprehensive and detailed remedial scheme that provides an exclusive statutory remedy. *See In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, No. C 06-2069, 2007 WL 1557935, at *8 (N.D. Cal. May 29, 2007); *Pulido v. Coca-Cola Enterprises, Inc.*, No. EDCV06-406VAP(OPX), 2006 WL 1699328, at *9 (C.D. Cal. May 25, 2006); *Green*, 2002 WL 553219, at *4. A claim for conversion based on Labor Code violations cannot stand, therefore, given the statutory remedies available under the Labor Code. *See Wal-Mart*, 2007 WL 1557935, at *8 (finding that a claim for conversion based on violations of the Labor Code was improper); *Pulido*, 2006 WL 1699328, at *9 (finding that the plaintiff could not state a claim for common law conversion when the claim was based on the alleged statutory violation of Labor Code § 226.7, rest and meal periods); *Green*, 2002 WL 553219, at *4 (finding that the plaintiff could not state a claim for conversion when the claim was based on the alleged statutory violation of the Labor Code for overtime pay).

In the present case, Plaintiff's fourth claim for conversion is based on violations of the Labor Code's rest and meal period protections. While Plaintiff contends that the recovery of wages is a common law right, his claim for conversion is based on his right to "rest and/or meal periods as required by California law." (FAC ¶ 57.) Plaintiff fails to identify any case that allows a violation of Labor Code to simultaneously provide a claim for conversion. The Court, therefore, finds the rationale adopted in *Wal Mart*, *Pulido* and *Green* persuasive. Because there is a comprehensive, detailed remedial scheme provided in the Labor Code, Plaintiff's cause of action for conversion is improper.

The Court, therefore, **GRANTS** Defendant's Motion to Dismiss Plaintiff's conversion claim.

9

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **VACATES** the October 2, 2007 hearing.

**IT IS SO ORDERED.**

Dated: September 26, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE