JOSE R. MATA, SBN 83724
E-Mail: JMata@wagelawyer.com
**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Telephone: (360)567-2551
Fax: (360)567-3331

Attorneys for Plaintiff Erik Alan Thomas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ALAN THOMAS, individually and on behalf of all others similarly situated and as a Private Attorney General,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 06-02705 SI<br><br>**STIPULATED MOTION AND [PROPOSED] ORDER TO DISMISS WITH RIGHT TO REVIVE**<br><br><br>Hon. Susan Illston<br><br>**NO HEARING SET** |

    IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff, Eric Alan Thomas, and Defendant, Home Depot U.S.A., Inc., through their counsel of record, as follows:

1)     That this action be dismissed without prejudice, subject to the right of Plaintiff to file a statement reviving the case within six months (but not earlier than five months) from the date of the signing of the accompanying proposed order.  Plaintiff may file a statement reviving the case only if there is not yet any final approval by the Los Angeles Superior Court of the proposed settlement in the Coordinated Home Depot Employment Cases, Judicial Council Coordination Proceeding No. 4383, or if his claims are not settled by the proposed settlement as approved by the Los Angeles Superior Court.

2)     This action shall be dismissed with prejudice if there is a final approval of the proposed settlement by the Los Angeles Superior Court that settles Plaintiff's claims or if Plaintiff does not file a statement reviving the case within six months from the date of the signing of the accompanying proposed order.

3)     The effect of the dismissal without prejudice, during the period in which plaintiff has a right to revive, shall be the same for all purposes, including the tolling of the statute of limitations for Plaintiff and for putative class members, as if the case had remained stayed during the period in which Plaintiff has a right or revive.  If this case is revived, neither party nor any putative class member shall gain any advantage or disadvantage from the dismissal without prejudice.  Instead, this case shall be treated as if it had continued to remain stayed and had never been dismissed.

4)     This agreement and stipulation of the parties and the proposed order shall have no effect on, and shall not be read to modify in any way, the terms of the global settlement that is being considered by the Los Angeles Superior Court in the Coordinated Home Depot Employment Cases.  In the event of any conflict between this stipulation and the settlement agreement, the terms of the settlement agreement shall control;

5) Neither party is entitled to an award of attorneys' fees or costs or to be regarded as the prevailing party based on the dismissal. Instead, fees and costs are governed by the settlement agreement in the Coordinated Home Depot Employment cases.

_____

Dated: August 21, 2009

BAILEY PINNEY, PC
JOSE R. MATA

By: _____/s/_____

Jose R. Mata
Attorneys for Plaintiff Erik Thomas

Dated: August 21, 2009

AKIN GUMP STRAUSS HAUER & FELD LLP

GREGORY W. KNOPP
GARY M. McLAUGHLIN

By: _____/s/_____

Gary M. McLaughlin
Attorneys for Defendant
Home Depot U.S.A., Inc.

**ORDER**

On the stipulation of the parties, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1) This action is hereby dismissed without prejudice, subject to the right of Plaintiff to file a statement reviving this case within six months (but not earlier than five months) from the date of the signing of this order. Plaintiff may file a statement reviving this case only if there is not yet any final approval by the Los Angeles Superior Court of the proposed settlement in the Coordinated Home Depot Employment Cases or if his claims are not settled by the proposed settlement as approved by the Los Angeles Superior Court.

2) This action shall be dismissed with prejudice if there is a final approval of the proposed settlement by the Los Angeles Superior Court that settles Plaintiff's claims or if Plaintiff does not file a statement reviving the case within six months from the date of the signing of this order.

3) The effect of this dismissal without prejudice, during the period in which plaintiff has a right to revive, shall be the same for all purposes, including the tolling of the statute of limitations for Plaintiff and for putative class members, as if the case had remained stayed during the period in which Plaintiff has a right or revive. If this case is revived, neither party nor any putative class member shall gain any advantage or disadvantage from the dismissal without prejudice. Instead, this case shall be treated as if it had continued to remain stayed and had never been dismissed.

4) The stipulation of the parties and this order shall have no effect on, and shall not be read to modify in any way, the terms of the global settlement that is being

considered by the Los Angeles Superior Court in the Coordinated Home Depot Employment Cases. In the event of any conflict between this stipulation and the settlement agreement, the terms of the settlement agreement shall control;

    5) Neither party is entitled to an award of attorneys' fees or costs or to be regarded as the prevailing party based on this dismissal. Instead, fees and costs are governed by the settlement agreement in the Coordinated Home Depot Employment cases.

Dated: August 21, 2009

_____
Hon. Susan Illston
United States District Court Judge